# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ANDRE GRAHAM,**

    **Petitioner,**

v.                                                              No. 17–cv–00256–DRH

**WILLIAM TRUE**

    **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in the United States Penitentiary Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence. *United States v. Andre Graham*, No. 07-cr-40048-JAR-1 (Kan. 2009) ("criminal case"). The Petition was filed on March 13, 2017. (Doc. 1).

Petitioner pleaded guilty to 2 counts, including 1 count of possession with intent to distribute 30.33 grams of cocaine hydrochloride, a Schedule II substance, in violation of 21 U.S.C. § 841(a)(1), and 1 count of possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. 1, p. 2). Petitioner was sentenced to 84 months on the possession with intent to distribute charge and 60 months on the possession of a firearm charge, to be served consecutively, plus 2 concurrent terms of supervised release. *Id.*

Previously, Petitioner filed a Motion pursuant to 28 U.S.C. § 2255, arguing that his attorney was ineffective for failing to request a competency evaluation and for failing to challenge enhancements at sentencing. (Doc. 1, p. 3); *Graham v. United States*, 10-cv-4022-JAR (D. Kan. Jan. 31, 2011). That Petition was ultimately denied. *Id*. The Court of Appeals denied Petitioner a certificate of appealability. *Id*. The Supreme Court denied the Petition for Writ of Certiorari on April 16, 2012. (Doc. 1, p. 3).

Petitioner now brings this habeas corpus action pursuant to 28 U.S.C. § 2241 and argues that his sentence was improperly enhanced under the sentencing guidelines. (Doc. 1, p. 4). He seeks resentencing. *Id.*

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

## **The Petition**

Petitioner's plea agreement contained a waiver of his right to appeal. (Doc. 1, p. 4). His pre-sentencing report, which contained errors in his criminal history that caused him to have a higher criminal level than he otherwise would have, was issued after he signed the plea agreement. *Id.* Specifically, Petitioner was assigned a category 5 criminal history, but he alleges that his applicable criminal

history was calculated in such a matter to include a 1987 conviction that was discharged on June 6, 1990, more than 15 years prior to his underlying crime in violation of U.S.S.G. 4A1.2(e). (Doc. 1, p. 5). The PSR writer also erroneously concluded that Petitioner was on probation at the time of the relevant offense, when in fact he had completed his probation more than 2 years before the conduct at issue. (Doc. 1, p. 6). Petitioner alleges that had he been sentenced correctly, his guideline range would have been between 57 and 71 months on the drug conviction. (Doc. 1, p. 4). Instead, Petitioner was sentenced to 84 months on the drug conviction. *Id.* When Petitioner filed his § 2255 Petition, it was rejected because of the appeal waiver Petitioner signed. *Id.*

## **Discussion**

The Petition must be dismissed because Petitioner cannot use § 2241 to challenge his current sentence. To collaterally attack a sentence, federal prisoners must ordinarily file a petition under § 2255. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). But a federal prisoner "may petition under section 2241 instead if his section 2255 remedy is 'inadequate or ineffective to test the legality of his detention.'" *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.' " *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (quoting *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)). Stated differently, "[a] federal prisoner should be permitted to seek habeas corpus only if

he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

In order for the so-called "savings clause" to apply, three conditions must be satisfied. First, the prisoner must show that he relies on a "statutory-interpretation case," rather than a "constitutional case." *Rios,* 696 F.3d at 640. Second, the prisoner must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion. *Id.* "The third condition is that [the] sentence enhancement . . . have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Id.;* see also *Davenport,* 147 F.3d at 611 (a prisoner must show "a fundamental defect in his conviction or sentence").

Here, Petitioner has not pointed to any new case that he relies on or explicitly alleged that he did not have a reasonable opportunity to present his argument in a § 2255 petition. Although he does refer to some Seventh Circuit case law, none of the cases he points to is a Supreme Court case or a new interpretation that was previously unavailable. He has also failed to allege that any of the cases were applied retroactively. Petitioner thus fails to meet the first 2 criteria for invoking the savings clause. Petitioner is also explicit that he believes that relief under § 2255 is unavailable because the sentencing court concluded

that Petitioner had waived his right to file a § 2255 petition.[1] But that is not grounds for relief, nor does it trigger the savings clause. *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) ("[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied."). As Petitioner has not pointed to a retroactive change in law that makes him actually innocent of the crime he was sentenced for, he has failed to trigger the savings clause of § 2255(e). This case shall be **DISMISSED** with prejudice.

## Disposition

**IT IS HEREBY ORDERED** that the Petition is summarily **DISMISSED** on the merits with prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C).

If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725–26 (7th Cir.2008); *Sloan v. Lesza,* 181 F.3d 857, 858–59 (7th Cir.1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir.1998). A timely motion filed

---

[1] It is also probable that the waiver applies to this case as well.

pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30–day[2] appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien,* 216 F.3d 626, 638 (7th Cir.2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 21st day of April, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.04.21 16:01:13 -05'00'

**UNITED STATES DISTRICT JUDGE**